## BOND v. SMITH.
### No. 8814.

Court of Civil Appeals of Texas. Austin.
May 31, 1939.

Rehearing Denied June 21, 1939.

Geo. W. Graham, of Houston, for appellant.

Nichols & Bailey, of Houston, for appellee.

BLAIR, Justice.

Appellee, Charlie Smith, sued appellant, Lee Bond, for damages for personal injuries received when a scaffold which appellant's employees were dismantling fell on appellee. Verdict and judgment were for appellee in the sum of $504; hence this appeal.

Appellee was digging a ditch for sewerage pipes by the wall of a new building which appellant was constructing, appellee being employed by the plumbing contractor to whom appellant had subcontracted that work. The ditch was under a scaffold which appellant's employees used to construct the wall of the building. Appellee alleged and the jury found that appellant's employees told him that they would tell him where in the ditch it would be safe for him to work while they were dismantling the scaffold; that the employees told him that it would be safe to work in the ditch at the point where the accident occurred; that in so telling appellee was negligence; and that such negligence was the proximate cause of his injuries.

Appellant alleged that his employees warned appellee that the place in the ditch where the accident occurred was an unsafe place for him to be working at that time; but that appellee failed to heed such warning, and was therefore guilty of contributory negligence. The jury found that the employees did not so warn appellee; and found in answer to another issue that the employees told appellee that it would be safe to work in the ditch at the time and place of the accident.

By several propositions, appellant complains of the action of the trial court in refusing to submit four requested special issues, which attempted to obtain findings as to whether appellee "could have, or ought to have, by the exercise of ordinary care, foreseen or anticipated that possible harm would be occasioned by his working under the scaffold being dismantled"; whether an ordinarily prudent person, in the exercise of ordinary care, would have worked under the scaffold being dismantled; and, if so, whether there was any causal connection between such failure to exercise ordinary care and the acts or omissions of appellant's employees which caused the injury to appellee. The court correctly refused to submit the requested issues, because the specific act of contributory negligence plead was that appellant's employees warned appellee not to work in the ditch where the accident occurred and that he failed to heed such warning. The jury found upon conflicting evidence that appellant's employees did not so warn appellee; but that to the contrary they told him it was safe

to work in the ditch at the time the accident occurred.

Nor is the contention of appellant that since appellee admitted that he was warned that it was unsafe to work in the ditch, the court should have as a matter of law held him guilty of contributory negligence. The evidence of appellee was that while the employees of appellant were taking the floor boards from the scaffold, they told him to dig in another portion of the ditch; which he did. After the floor boards were removed, appellant's employees told him that it was then safe to dig in the ditch at the point of the accident, and while so digging the frame work of the scaffold suddenly collapsed and fell on him, injuring him. This evidence supports the verdict and judgment of the court in favor of appellee, and it is affirmed.

Affirmed.